## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRICAL BENEFIT FUND, )
2400 Research Boulevard, Suite 500 )
Rockville, Maryland 20850, )
 )
  Plaintiffs, )
 )
  v. ) Civil Action No.   8:16-cv-3483
 )
RENAISSANCE COMMUNICATION )
 SYSTEMS, INC., )
an Illinois corporation, )
3509 Martens Street )
Franklin Park, IL 60131, )
 )
  Defendant. )
_____)

## COMPLAINT

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions owed to the NEBF by Defendant Renaissance Communication Systems, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. 1132(e).  Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3) and

515 of ERISA, 29 U.S.C. 1132(a)(3), and 1145.   Venue is proper because the NEBF is administered within this district.   ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2).

3.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4.      The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").   Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.   The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5.      Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5).   Upon information and belief, Defendant is an Illinois corporation whose main place of business is 3509 Martens Street, Franklin Park, IL 60131.

## STATEMENT OF CLAIM

6.      Defendant is a signatory, and has been a signatory continuously during all relevant periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with

IBEW Local Union 134 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

7.      Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8.      Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the Employees Benefit Agreement, Defendant has been delinquent in making contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreements.

9.      According to an audit of Defendant's books and records in early 2015 by NEBF's outside auditing firm, Legacy Professionals LLP, Defendant failed to report or pay $7,764.54 in contributions owed NEBF in connection with work performed in the jurisdiction of IBEW Local Union 134 from January 2012 through December 2013.

10.     NEBF has made demands for payment of the foregoing amounts, but Defendant has failed and refused to pay same.

11.     Interest (calculated at the rate of 10% per annum through the present) on the aforementioned Delinquent NEBF Contributions is equal to $3,321.54.

12.     Liquidated damages on the aforementioned delinquency are equal to $1,552.91.

13.     The cost of the aforementioned audit was $1,250.00.

14.     NEBF has incurred attorney's fees and costs in connection with its attempt to collect the delinquent contributions.

3

15.     Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

16.     Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. 1145.

17.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. 1132(a)(3).

18.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. 1132(g)(2).

19.     The Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a)   **$7,764.54**, representing unpaid contributions due the NEBF for the periods of January 2012 through December 2013;

(b)   **$2,157.38**, representing interest on the aforementioned delinquent contributions, calculated at the rate of 10% per annum compounded monthly through the date hereof;

(c)   an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full;

(d)   **$1,552.91**, representing liquidated damages in the amount of 20% of the aforementioned delinquent contributions;

(e)   **$1,250.00**, representing the cost to NEBF of the audit; and

(b)   an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated:  October 19, 2016

*/s/ Jennifer Bush Hawkins*

Jennifer Bush Hawkins (Federal Bar No. 13064)
**POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
900 7th Street NW, Suite 1020
Washington, DC 20001
Phone: 202-223-0888
jhawkins@phk-law.com

*Attorneys for the*
*National Electrical Benefit Fund*